UNITED STATES, Appellee,

v.

Private (E–1) Frederick MURRAY, 247–33–5005, United States Army, Appellant.

CM 447738.

U.S. Army Court of Military Review.

27 May 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain John J. Ryan, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before MARDEN, PAULEY, and De GIULIO Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas he was found guilty of obstruction of justice and bribery in violation of Article 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 934. His sentence, as approved by the convening authority, includes a bad-conduct discharge, confinement for six months, and forfeiture of $413.00 pay per month for six months.

Briefly stated, the facts indicate that the unit commander entered a room occupied by appellant and his roommate, Private First Class (PFC) Delaney, to wish them a Merry Christmas. He smelled burning hashish and ordered a urinalysis for both men. Arrangements were made by appellant and PFC Delaney, through the person from whom they had purchased the hashish, to have the urinalysis samples "fixed" by a member of the laboratory receiving section, for $80.00. Rumors that the samples had been "fixed" resulted in an investigation and the charges before this Court. The convening authority apparently referred the charges and specifications to a general court-martial without receiving the

written advice of the staff judge advocate, pursuant to Rule for Courts-Martial 406, [hereinafter cited as RCM] Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM, 1984].[1]

Appellant alleges that the charges and specifications were improperly referred to trial because the convening authority was not properly advised in accordance with RCM 406. We agree.

▮▮▮ Generally, defects in pretrial procedures, except those which are jurisdictional, are waived if there is no objection prior to entering a plea, *United States v. Heaney,* 25 C.M.R. 268 (C.M.A.1958); *United States v. Fountain,* 2 M.J. 1202 (N.C.M. R.1976); RCM 905(b) or by a plea of guilty. *See generally United States v. Packer,* 8 M.J. 785 (N.C.M.R.1980); R.C.M. 910(j). In the case before us, there was no objection at trial and appellant entered guilty pleas to the charges and specifications. We must determine if the failure of the convening authority to receive a pretrial advice deprives a court-martial of the power to proceed with trial on investigated charges. We hold it does.

At first blush, it may appear that failure to provide a written pretrial advice to the convening authority is not jurisdictional and is waived. *See United States v. Ragan,* 33 C.M.R. 331, 336 (C.M.A.1963). In *Ragan,* a supplemental pretrial advice was not provided the convening authority for additional charges which were to be tried with charges properly referred to court-martial. The Court held that failure to provide a written pretrial advice should not be elevated to a more sanctified position

than failure to conduct an Article 32, UCMJ, 10 U.S.C. § 832, investigation, which does not constitute jurisdictional error. Additionally, the Manual for Courts-Martial, 1984, can be read to support the proposition that a defective pretrial advice is not a jurisdictional error and can be waived. RCM 905(b), MCM, 1984, provides:

> Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue of guilt may be raised before trial. The following must be raised before a plea is entered: (1) Defenses or objections based on defects (other than jurisdictional defects) in the preferral, forwarding, investigation, or referral of charges;

The discussion for RCM 905(b)(1) provides: "Such nonjurisdictional defects include unsworn charges, inadequate Article 32 investigation, and *inadequate pretrial advice* (emphasis added)."[2] Moreover, RCM 601(d)(2), as written, would permit waiver of the requirement that the convening authority receive the advice of the staff judge advocate prior to referral of a general-court martial. RCM 601(d)(2) provides in part:

> The convening authority may not refer a specification under a charge to a general court-martial unless—
>
> (A) There has been substantial compliance with the pretrial investigation requirements of R.C.M. 405; and
>
> (B) The convening authority has received the advice of the staff judge advocate required under R.C.M. 406.

1. It is noted that the case was forwarded without a notation or an explanation of the absence of the pretrial advice. In response to this Court's request to determine if a pretrial advice was prepared and provided to the convening authority, an affidavit submitted by the Chief of Military Justice states, "It is totally unlikely that a Staff Judge Advocate's advice was not prepared, since it is the common practice of this office to verify the convening authority's directions on the Staff Judge Advocate's advice prior to signing the charge sheet. The reasonable conclusion is that the Staff Judge Advocate's advice was lost after it was signed by the convening authority." To this Court, it is sim-

ply not sufficient to state that an important document existed because such a document was usually prepared as the normal practice of the office. Thus, we will assume that the pretrial advice did not exist.

2. The discussions contained in the MCM, 1984, are considered supplementary material. Although the discussions are not binding, they are at least persuasive and reflect the intent of the drafters. *See generally,* Part I, Discussion, MCM, 1984. This Court believes there is a great distinction between an inadequate pretrial advice and the complete lack of a pretrial advice.

*These requirements may be waived by the accused* (Emphasis added.)

Although these provisions appear to apply waiver, our further examination leads us to conclude that waiver of the written pretrial advice requirement was not the intent of Congress. We further note that *Ragan* was decided before the 1983 amendments to the UCMJ.

The Analysis for RCM 601(d)(2), states: Subsection (2) restates the prerequisites for referral to a general court-martial of Articles 32 and 34. It is consistent with paragraphs 30c and d, 34a, and 35 of MCM, 1969 (Rev.) *except insofar as the amendment of Article 34 (citations omitted) requires otherwise.* (Emphasis added.) The function of this provision is the same as paragraph 30, of MCM, 1969 (Rev.)—to serve as a reminder of procedural limitations on referral. The waiver provision is based on Article 32(d); S.Rep. No. 53, 98th Cong., 1st Session 17 (1983); *United States v. Shaffer*, 12 M.J. 425 (CMA 1982); *United States v. Ragan*, 14 U.S.C.M.A. 119, 33 C.M.R. 331 (1963).

Concerning waiver the cited Senate Report merely states:

Article 34(a)(2), as amended, reflects the fact that the Article 32 investigation may be waived by the accused, *United States v. Schaffer*, 12 M.J. 425 (CMA 1982), but the government may require such an investigation to be held regardless of such waiver. Any waiver of the Article 32 investigation must be knowing and voluntary. It should be signed by the accused and counsel and made a part of the record.

The requirements of this Article are binding on all persons administering the UCMJ, but failure to follow them does not constitute jurisdictional error. *United States v. Ragan*, 14 CMA [sic] 119, 33 CMR 331 (1963). Errors, if any, under this Article will be tested solely for prejudice under Article 59.

Significant changes were made to Article 34, UCMJ, 10 U.S.C. § 834, in 1983.[3] The article was changed to require that the convening authority receive a written advice from the staff judge advocate, prior to referral, containing the conclusion whether each specification states an offense under the UCMJ; whether the allegations of each offense are warranted by the evidence in the investigation, and whether the court-martial would have the required jurisdiction over the accused and the offense. Further, it requires that the advice be in writing and accompany the referred charges. United States Army Legal Services Agency, *Index and Legislative History: Uniform Code of Military Justice*, 1983, p. 210–211.

We believe that the provisions of the MCM and Article 34, UCMJ, should be read as being consistent with each other whenever possible. *See United States v. Gregory*, 21 M.J. 952 (A.C.M.R.1986); Sands,

---

**3.** Article 34 provides,

§ 834. Art. 34. Advice of staff judge advocate and reference for trial

(a) Before directing the trial of any charge by general court-martial, the convening authority shall refer it to his staff judge advocate for consideration and advice. The convening authority may not refer a specification under a charge to a general court-martial for trial unless he has been advised in writing by the staff judge advocate that—

(1) the specification alleges an offense under this chapter;

(2) the specification is warranted by the evidence indicated in the report of investigation under section 832 of this title (article 32) (if there is such a report); and

(3) a court-martial would have jurisdiction over the accused and the offense.

(b) The advice of the staff judge advocate under subsection (a) with respect to a specification under a charge shall include a written and signed statement by the staff judge advocate—

(1) expressing his conclusions with respect to each matter set forth in subsection (a); and

(2) recommending action that the convening authority take regarding the specification. If the specification is referred for trial, the recommendation of the staff judge advocate shall accompany the specification.

(c) If the charges or specifications are not formally correct or do not conform to the substance of the evidence contained in the report of the investigating officer, formal corrections, and such changes in the charges and specifications as are needed to make them conform to the evidence, may be made.

*Sutherland Statutory Construction* § 51.-02 (4th Ed.1973). Prior to the 1983 amendments to the UCMJ, before referral of a charge to a general court-martial, the convening authority was required to make certain legal determinations. One reason for the change in Article 34, UCMJ, as a result of the 1983 amendments, was to make the staff judge advocate responsible for providing to the convening authority specific written legal determinations concerning investigated allegations prior to referral to a general court-martial for trial. S.Rep. No. 53, 98th Cong. 1st Session 4 (1983). The requirement that the convening authority must now rely on the written legal determinations of the staff judge advocate has elevated the importance of the pretrial advice above its status prior to the 1983 amendments. It simply makes no sense to tell a convening authority that he cannot refer a case to trial without receiving key written legal determinations from his lawyer and then provide that the requirement can be waived. We believe the drafters of RCM 601(d)(2), confused and improperly combined the waiver provisions for the Article 32 investigation and *United States v. Schaffer* with language applying waiver to the written pretrial advice. We do not believe that Congress intended that the pretrial advice could be waived in a general court-martial.[4] *See generally* United States Army Legal Services Agency, *Index and Legislative History: Uniform Code of Military Justice,* 1983, p. 181, 210–11, 239, 336, 354, 454–55, 502, 524, 530, 542–43, 590, 592, 636, 640, 661, 665, 667, 676–77.

The provision concerning waiver if read as allowing waiver of the written pretrial advice contained in RCM 601(d)(2), would be contrary to the intent of Congress and inconsistent with the statutory provisions of Article 34, UCMJ. To reconcile these differences we interpret the language of RCM 601(d)(2) as applying only to waiver of the Article 32 investigation and not per-mitting waiver of the written staff judge advocate advice required under Article 34, UCMJ. Such an interpretation harmonizes the pertinent provisions of the MCM, 1984, with Article 34, UCMJ, and the intent of Congress. We find, therefore, that the failure to provide the convening authority with a written pretrial advice in a general court-martial violated Article 34, UCMJ, and constitutes error.

■ We recognize that failure to provide a written pretrial advice in a general court-martial was not intended to be a jurisdictional defect but must be tested for prejudice under Article 59, UCMJ, 10 U.S.C. § 859.[5] S.Rep. No. 53, 98th Cong., 1st Session 17 (1983). We believe that substantial prejudice to the accused exists when a convening authority refers a case to a general court-martial without a written staff judge advocate's advice. Without such an advice, the convening authority, at most, could refer the case only to a special court-martial. An improper reference of the type here almost always subjects an appellant to the risk of a more severe sentence.

■ Accordingly, we hold that a written pretrial advice must be provided to a convening authority in every general court-martial; and, if charges are referred to trial, the staff judge advocate's recommendation must accompany the charges. We find failure to do so is prejudicial error requiring reversal.

Because of our disposition of this case, we need not decide the other assignments of error presented by appellant.

The findings of guilty and the sentence are set aside. After proper pretrial procedures, a rehearing may be ordered by the same or a different convening authority.

Senior Judge MARDEN and Judge PAULEY concur.

---

4. This is not to say that defects in a pretrial advice, as compared to the ultimate defect of no pretrial advice at all, cannot be waived. *See* Discussion for RCM 905(b)(1), MCM, 1984.

5. Article 59(a) provides, "A finding or sentence of a court-martial may not be held incorrect on the grounds of an error of law unless the error materially prejudices the substantial rights of the accused."