**UNITED STATES, Appellee,**

v.

**Sergeant Eddie R. HAYES, 242–96–4607, United States Army, Appellant.**

**ACMR 8600297.**

U.S. Army Court of Military Review.

29 June 1987.

For Appellant: Major Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC.

Before O'ROARK, RABY and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Before a general court-martial composed of enlisted and officer members, appellant was convicted of numerous assaults and other offenses resulting from his drunken conduct at an Air Force noncommissioned officers' club. His sentence to a bad-conduct discharge, twenty-four months' confinement, partial forfeitures and reduction to the lowest enlisted grade was approved by the convening authority.

Although appellant's case was referred for trial by general court-martial, our initial review of the trial record revealed that it did not contain a pretrial advice. Upon inquiry by this Court, a copy of the missing pretrial advice was located in the legal office of the originating court-martial jurisdiction. Subsequently, we granted government appellate counsel's motion to include the "overlooked" advice in the record of appellant's trial. Thus, unlike the facts in *United States v. Murray*,[1] we are not now faced with a missing pretrial advice which the originating jurisdiction is unable to locate.

The discovery of the pretrial advice, however, has not proved a panacea for the government. Instead, the written advice's inclusion in the trial record led to a supplemental assignment of error based on the fact that the pretrial advice was signed "for" the staff judge advocate. Although the advice bears the signature block of the purported staff judge advocate, it was signed by an officer other than the one whose name appeared on the signature block. Appellant now asserts that he has been prejudiced because the advice, on its face, reflects that neither the staff judge advocate nor the acting staff judge advocate personally advised the convening authority before the charges were referred for trial. Unquestionably, the manner in which the advice was signed constitutes error. Uniform Code of Military Justice art. 34, 10 U.S.C. sec. 834 (1982) [hereinafter UCMJ]. In the absence of additional facts, we would be left to assess the effect of this error on appellant's case. However, additional facts were provided when we granted government appellate counsel's motion to file the affidavit of the individual who signed the beleaguered advice.[2] Hav-

---

1. 22 M.J. 700 (A.C.M.R.1986) (failure to provide a written pretrial advice to the convening authority in a case referred for trial by general court-martial is prejudicial error requiring reversal), *certificate for review filed,* 22 M.J. 364 (C.M.A.1986).

2. While we permitted the government to introduce affidavits in this case, we did so under circumstances where their introduction was not opposed by defense appellate counsel and not for the purpose of resolving controverted questions of fact. We adhere to our previously stated view that the use of post-trial affidavits during appellate litigation is the exception, not the rule. *See Longhofer v. Hilbert,* 23 M.J. 755 (A.C. M.R.1986), *writ appeal petition denied,* 24 M.J. 62 (C.M.A.1987).

ing examined the affidavit, as well as the record of trial in its entirety, we find as fact that the individual who signed the advice did so on 24 June 1986 in the capacity of acting staff judge advocate. We further find as fact that the written advice comports with the requirements of the Uniform Code of Military Justice and the Rules for Courts-Martial, and that, also on 24 June 1986, the acting general court-martial convening authority considered the contents of the advice before referring appellant's case for trial. UCMJ art. 66(c), 10 U.S.C. § 866(c). Accordingly, since the acting general court-martial convening authority was personally advised by the then acting staff judge advocate, appellant's case was properly referred for trial and the assigned error is without merit.

Although not necessary to the disposition of this case, we believe the unsettled state of the law concerning whether the Article 34 requirement for a pretrial advice may be waived warrants further discussion.

■■■ The Manual for Courts-Martial provides that "[b]efore any charge may be referred for trial by a general court-martial, it shall be referred to the staff judge advocate of the convening authority for consideration and advice." Manual for Courts-Martial, United States, 1984 [hereinafter M.C.M.1984], Rule for Courts-Martial [hereinafter R.C.M. or Rule] 406(a); Military Justice Act of 1983, S.Rep. No. 53, 98th Cong., 1st Sess. 16. The advice shall apprise the convening authority, in writing, whether each specification alleges an offense under the Uniform Code of Military Justice, whether the allegation of each offense is warranted by the evidence, and whether a court-martial would have jurisdiction over both the accused and the of-

fenses. The written advice shall conclude with the staff judge advocate's recommendation of the action to be taken by the convening authority.[3] R.C.M. 406(b); *see also* UCMJ art. 34. The pretrial advice *must* be signed by the staff judge advocate or the acting staff judge advocate, and that officer bears personal responsibility for the accuracy of its contents. Information which is incorrect or so incomplete as to be misleading may result in a defective advice, necessitating appropriate relief. *See* R.C.M. 905(b)(1) and (e) (objection based on *inadequate* pretrial advice must be raised before plea is entered; failure to object constitutes waiver); R.C.M. 906(b)(3) (correction of defect in pretrial advice may be requested by motion for appropriate relief).

Rule for Courts-Martial 601(d)(2) provides that:

> The convening authority may not refer a specification under a charge to a general court-martial unless—
>
> (A) There has been substantial compliance with the pretrial investigation requirements of R.C.M. 405; and
>
> (B) The convening authority has received the advice of the staff judge advocate required under R.C.M. 406.
>
> These requirements may be waived by the accused.

■■■ While we are mindful that the waiver provision in R.C.M. 601(d)(2) can be interpreted as applying to the requirement that the convening authority receive written pre-referral legal advice, we conclude that such an interpretation would be contrary to Congressional intent. *See Murray*, 22 M.J. at 702–03. The legislative bases for R.C.M. 601(d)(2) are Articles 32 and 34 of the UCMJ. With the passage of

3. In the absence of such advice, this Court will not presume that the convening authority received any information from his staff judge advocate on legal matters before acting to refer a case for trial by general court-martial. The absence of a written pretrial advice is, at a minimum, a conspicuous procedural irregularity destroying any presumption of regularity to which the government otherwise would be entitled. Its absence, in our opinion, gives rise to a rebuttable presumption that the accused was not afforded military due process in the referral of his case for trial. We believe that the statutory pretrial advice (Article 34(a), UCMJ) is a fundamental procedure of military due process in general courts-martial because, together with the pretrial investigation required by Article 32, UCMJ, 10 U.S.C. § 832, it constitutes the military equivalent of the civilian grand jury process. *See United States v. Henderson*, 23 M.J. 860, 861 n. 3 (A.C.M.R.1987); *see generally Talbott v. Toth*, 215 F.2d 22 (D.C.Cir.1954).

the Military Justice Act of 1983, Article 34 was amended to preclude a convening authority from referring charges to a general court-martial until in receipt of written legal determinations made by his staff judge advocate. As amended, Article 34 contains no language which, either expressly or by implication, would permit an accused to waive this required pretrial advice. Furthermore, the legislative history of the 1983 Military Justice Act shows that such a waiver was never contemplated with respect to the statutory requirements in Article 34 for a pretrial advice. *See* United States Army Legal Services Agency, *Index and Legislative History: Uniform Code of Military Justice 1983* [hereinafter *Legislative History* ], at 210–11, 530, 542–43, 590, 636, 640.

Additional support for this Court's belief that the waiver provision of Rule 601(d)(2) does not apply to pretrial advices is found in the Rule's analysis. The analysis states in part that the waiver provision is based on Article 32(d) of the UCMJ. M.C.M., 1984, Analysis of Rule for Court-Martial [hereinafter cited as R.C.M. analysis] 601, App. 21, A21–28. Article 32, of course, does not pertain to pretrial advices, but to the requirements that charges must be investigated before they can be referred to a general court-martial for trial. Section (d) of Article 32 states that "[t]he requirements of this article are binding on all persons administering [the UCMJ] but failure to follow them does not constitute jurisdictional error." Thus, we believe the waiver provision of R.C.M. 601(d)(2) must be limited in its application to Article 32 investigations only.[4]

Within the context of our analysis, the Article 32 requirement for a pretrial investigation and the Article 34 requirement for a pretrial advice have been treated as distinctive procedural entities. While both are preliminary procedures mandated by statute which, in practice, complement each other, the protections which they afford servicemembers facing possible trial by general court-martial differ dramatically. From the standpoint of trial tactics, there are a number of benefits which an accused may realize by his willingness to waive an Article 32 investigation on certain occasions. We are confident that these benefits are well known to military defense counsel. Because the benefits to the accused are readily discernible, his voluntary waiver of a pretrial investigation, executed with advice of counsel, is not suspect *per se* and will not be questioned by this Court barring an allegation of error involving possible prejudice. This category of waiver is "affirmative" and carries with it a presumption that it was understandingly initiated by the accused. Unlike the proposed amendment to the statutory requirements for pretrial advices, where waiver was never mentioned, Congress' intent to continue permitting accused servicemembers to waive pretrial investigations was expressly stated in the legislative history of the Military Justice Act of 1983. The pertinent history reads as follows: "Article 34(a)(2), as amended, reflects the fact that the Article 32 investigation may be waived by the accused ... but the government may require such an investigation to be held regardless of such waiver." S.Rep. No. 53, 98th Cong., 1st Sess. 17 (1983). Moreover, R.C.M. 405, which is the executive implementation of the provisions of Article 32, includes an express waiver section. Rule for Courts-Martial 405(k) states:

> The accused may waive an investigation under this rule. In addition, failure to make a timely objection under this rule, including an objection to the report, shall constitute waiver of the objection. Relief from the waiver may be granted by the investigating officer, the commander who directed the investigation, the convening authority, or the military judge, as appropriate, for good cause shown.

Ironically, the waiver section in R.C.M. 405 is in part based on language in Article 34. The first sentence of R.C.M. 405(k), which permits an accused to waive an Arti-

---

4.  Further, if Congress had wanted a waiver provision of its pretrial advice requirement it easily could have included in Article 34 statutory language similar to that found in Article 32(d).

cle 32 investigation, is "based on Article 34(a), as amended, which expressly permits waiver of the Article 32 investigation. This is consistent with previous practice." R.C.M. 405 analysis at A 21–23 (citations omitted). On the other hand, as we noted previously, there is no language in Article 34 permitting an accused to waive, either affirmatively or by omission, the requirement that a staff judge advocate provide the convening authority with specific pre-referral legal determinations in a general court-martial. There is express language in the statute, however, which states that a convening authority may not refer any specification to a general court-martial unless he has received written advice from his staff judge advocate that the specification states an offense, that the specification is warranted by the evidence, and that there is jurisdiction over the accused and the averred offense. Consistent with the express language of Article 34, the executive rule implementing the article's requirements for pretrial advices, R.C.M. 406, does not have a waiver provision.

Thus, despite past military decisional law that the failure to make a timely objection to a missing pretrial advice constitutes waiver, *see United States v. Ragan,* 33 C.M.R. 331 (C.M.A.1963), we find the reasoning in *Murray,* 22 M.J. 700, to be persuasive. To the extent *Ragan,* stands for the proposition that a missing pretrial advice can be waived by the defense's failure to act, we believe it has lost its value as precedent with the passage of the amended Article 34 as part of the Military Justice Act of 1983.[5]

Prior to the amendment of Article 34 by the Military Justice Act of 1983, the convening authority personally exercised unfettered prosecutorial discretion—the staff judge advocate's legal conclusions and recommendations contained in the pretrial ad-

vice were purely advisory. *See* Manual for Courts-Martial, United States, 1969 (Rev. ed.), para 35*b*. As one discerning military author has observed:

> In response to criticism that the pretrial advice had become an administrative burden on [staff judge advocates] and commanders, Congress provided for a streamlined pretrial advice in the Military Justice Act of 1983.[6] Rather than have commanders make legal determinations about jurisdiction and the legal sufficiency of the charges, the new Article 34 requires that those determinations be made by the [staff judge advocate].

> A direct consequence of this change is that some prosecutorial discretion is taken away from the convening authority. If the [staff judge advocate] concludes that there is no jurisdiction to try the accused by court-martial, that the form of a charge is legally deficient, or that a charge is not warranted by the evidence in the Article 32 report of investigation, then the convening authority is precluded from referring that charge to a general court-martial.

> An indirect consequence of the 1983 changes to Article 34 may be that the pretrial advice has become less of a "prosecutorial tool" and become more "a substantial pretrial right of the accused." [7] Correspondingly, the role of the [staff judge advocate] in rendering a pretrial advice may be less like a district attorney presenting a complaint to a grand jury for action and more like a quasi-judicial magistrate making a probable cause determination that protects the accused from being prosecuted on baseless charges.

Gaydos, *A Comprehensive Guide to the Military Pretrial Investigation,* 111 Mil.L. Rev. 49, 97–98 (1986) (footnotes omitted).

---

**5.** This Court, of course, fully recognizes that it is legally required to follow viable precedents of our high court, the United States Court of Military Appeals.

**6.** In fact, the primary objective of the 1983 Military Justice Act was "to further enhance the quality and effectiveness of the military justice

system" by streamlining court-martial processing procedures so they would not prove cumbersome to commanders and staff judge advocates, especially in time of war.

**7.** We agree. *See supra* note 4.

In view of the requirement that the convening authority must now rely upon the written legal determinations of the staff judge advocate, "[i]t simply makes no sense to tell a convening authority that he cannot refer a case to trial without receiving key written legal determinations from his lawyer and then provide that the requirement [for such determinations] can be waived." *Murray*, 22 M.J. at 703.

■ With the amendment of Article 34, we consider the issue of whether a missing pretrial advice can be waived affirmatively or by omission to be one of paramount importance. Even though under the facts and law of this case our views are *obiter dicta*, we have expressed them because we believe the absence of a pretrial advice is a matter which neither the government nor the defense should take lightly, as seemingly was done during the post-trial stages of this case. The distinction between a missing and a defective pretrial advice is a legally significant one that must not be blurred by military case law. Nor can an indiscriminate application of the waiver doctrine be permitted to blur this distinction. We agree that motions to correct defective pretrial advices must be timely made or the error is waived. R.C.M. 905(b)(1); R.C.M. 906(a) and (b)(3). In the absence of prejudicial error, this would appear to be an appropriate situation for waiver. What troubles us, however, is the application of waiver where the pretrial advice is *missing* from the trial record, and with it the means by which an appellate court is able to determine conclusively that a convening authority received the required pre-referral legal advice from his staff judge advocate. If the missing advice cannot be located, *ex post facto* affidavits and other documents are, in our opinion, poor and sometimes costly substitutes. Of far greater legal significance, however, they may prove to be unacceptable substitutes at the appellate level. Regardless, because of the legal determinations that must be made before a case can be referred for trial by general court-martial, we reject the proposition that a negative waiver—a waiver of omission—can be applied to excuse a pretrial advice. Almost inevitably, a counsel who fails to act in a situation where he has not received a copy of the pretral advice will raise the specter of ineffective assistance of counsel. In addition, within the sphere of the requirements of Article 34, UCMJ, as amended, are issues concerning the military due process rights of the accused. *See generally United States v. Henderson*, 23 M.J. 860, 861 n. 3 (A.C.M.R. 1987).

We also reject the proposition that an affirmative waiver by an accused—who with or upon the advice of counsel voluntarily waives the requirement for a pretrial advice—can be applied to relieve a staff judge advocate from fulfilling his statutory duty of preparing a pretrial advice. While the benefits to an accused of affirmatively waiving an Article 32 investigation can easily be grasped, the benefits of affirmatively waiving an Article 34 advice are illusive at best. In the latter instance, the waiver would operate to release the staff judge advocate from fulfilling his required pretrial duties, and would permit the convening authority to act as his own lawyer. Thus, through the affirmative waiver process, the staff judge advocate would be agreeing not to provide legal advice to the convening authority in the command's most serious cases. It is doubtful that any prudent convening authority would approve such an arrangement unless he had lost confidence in his lawyer. On the opposite side of the bargaining table, the proverbial Gordian knot is tied just as tightly. The accused and his counsel would be offering up the right to have a lawyer, acting in a quasi-judicial role, determine whether the specifications state offenses, whether they are warranted by the evidence, and whether there is subject-matter jurisdiction. Viewed from either side, the concept appears legally unsound. Suffice it to say that we cannot imagine a circumstance where we would be favorably disposed toward an agreement which included the waiver of a pretrial advice. Of course, there is an obvious solution to this problem. Counsel, staff judge advocates, and conven-

ing authorities can prevent the problem's occurrence by assuring that a *properly signed* pretrial advice is included in the general court-martial trial record.[8]

 Apart from the pretrial advice, another routine procedure that went awry in the conduct of appellant's trial was the accounting for the presence of the detailed court members. Each of the three separate convening orders that were published added members. In all, seventeen members were detailed to hear appellant's case, partly resulting from appellant's request for enlisted members. When the time came during the court-martial to account for the detailed members, the trial counsel failed to announce on the record the names of those members who were present. He announced only the names of the members who were absent. With so many court members having been detailed to hear appellant's case, perhaps trial counsel was endeavoring to save time by not identifying the members who were present. Whatever his motivation, the procedure he adopted was unsound and should have been corrected by the military judge. The presence of enlisted members meant that the trial counsel's failure to account for each court member by name had the potential of raising a jurisdictional issue, specifically, whether the enlisted members constituted the required one-third of the total members present at appellant's trial.[9] Suffice it to say, trial counsel should announce the names of the members present as well as the names of those who are absent. Should counsel fail to do so, the military judge should act immediately to remedy the neglect.

In the case at bar, a pretrial advice now has been added to the record, an affidavit has been admitted showing that the advice was signed by the acting staff judge advocate, and all of the seventeen detailed court members have been accounted for. Thus, on consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority to be correct in law and fact. Accordingly, those findings of guilty and the sentence are affirmed.

Senior Judge RABY concurs.

Chief Judge O'ROARK took no part in the decision of this case.

---

8. When trial counsel states on the record that the charges have been properly referred for trial by general court-martial, we believe he or she is officially indicating, both as an officer of the court and as a commissioned officer of the United States Army, that the staff judge advocate or acting staff judge advocate has made the required legal determinations and advised the convening authority of these matters prior to referral.

9. The problem in this case was compounded by the fact that one court member, who was present, had a name change and was referred to on the record by a surname other than the one appearing in the order detailing her to the court. This initially created the possibility that one of the court members present at trial was an interloper.