# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DONALD S. HALE**
**United States Army, Appellant**

ARMY 20121020

Headquarters, 19th Expeditionary Sustainment Command
Wendy P. Daknis, Military Judge
Major Joseph P. Gross, Deputy Staff Judge Advocate[1]

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Major Candace N. White Halverson, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Major Matthew A. Kopetski, JA (on brief).

13 February 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of larceny of military property of a value over $500, one specification of assault consummated by a battery, one specification of making a false and fraudulent claim in an amount over $500, and one specification of wrongfully communicating a threat, in violation of Articles 121, 128, 132, and 134, UCMJ, 10 U.S.C. §§ 921, 928, 932, 934 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

---

[1] Article 34, Uniform Code of Military Justice [hereinafter UCMJ], requires that the convening authority's "staff judge advocate" provide pre-trial advice before any

(continued . . .)

HALE—ARMY 20121020

This case is before the court for review under Article 66, UCMJ. Appellant raises one assignment of error asserting that the military judge elicited insufficient facts to support his plea of guilty to communicating a threat. We agree and hold the military judge abused her discretion by accepting appellant's plea of guilty to communicating a threat, which was prejudicial to good order and discipline, where appellant provided insufficient facts to establish such prejudice.

Appellant was convicted of, *inter alia*, Charge V and its Specification, which alleged:

> In that [appellant], did, at or near Camp Stanley, Republic of Korea, on or about 1 October 2011, wrongfully communicate to Ms. [CG] a threat "I'm going to make sure you are dead" or words to that effect, and that conduct was to the prejudice of good order and discipline in the armed forces.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); R.C.M. 910(e).

During the providence inquiry regarding the affected specification, the military judge asked appellant to explain why his threat was prejudicial to good order and discipline. Appellant responded: "As a Soldier I'm supposed to have

---

(. . . continued)
specification under a charge is referred to a general court-martial. "Another person may prepare the advice, but the staff judge advocate is, unless disqualified, responsible for it and must sign it personally." Rule for Courts-Martial [hereinafter R.C.M.] 406(b) discussion; *see also United States v. Hayes*, 24 M.J. 786, 788 (A.C.M.R. 1987) ("The pretrial advice *must* be signed by the staff judge advocate or the acting staff judge advocate . . . ."). Upon our review of the record, there is no evidence that the Deputy Staff Judge Advocate was the "Acting Staff Judge Advocate" when he signed the pretrial advice. However, any defect in the pretrial advice is not jurisdictional and is waived if not raised by motion prior to entry of pleas. *See* R.C.M. 905(b)(1), (e); R.C.M. 406(b) discussion; *see generally United States v. Murray*, 25 M.J. 445 (C.M.A. 1988); *United States v. Corcoran*, 40 M.J. 478, 484 (C.M.A. 1994).

2

better control of my feelings and at that time I showed a total lack of control, Your Honor." The stipulation of fact offered little more on this question:

> Threatening Ms. [CG] is conduct that was to the prejudice of good order and discipline in the armed forces because he knew that making a threat to kill Ms. [CG] was a cause against public peace and sensibilities. Additionally, threatening to kill a civilian is conduct likely to bring discredit upon the armed forces.[2]

Article 134, UCMJ, contains the general article:

> Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

10 U.S.C. § 934.

Before criminal liability may be affixed to an appellant under clause one, he must admit facts in the providence inquiry that evidence the conduct "cause[d] a reasonably direct and palpable injury to good order and discipline." *United States v. Cendejas*, 62 M.J. 334, 340 (C.A.A.F. 2006).

> "To the prejudice of good order and discipline" refers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial only in a remote or indirect sense. Almost any irregular or improper act on the part of a member of the military service could be regarded as prejudicial in some indirect or remote sense; however, this article does not include these distant effects. It is confined to cases in which the prejudice is reasonably direct and palpable.

---

[2] The government did not allege that appellant's communication of the threat was conduct of a nature to bring discredit upon the armed forces.

HALE—ARMY 20121020

*Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 60.c.(2)(a).

Military judges frequently confront difficult providence inquiries where, as here, accused soldiers tend to minimally describe misconduct, and counsel for both sides do less than required to facilitate a legally adequate exchange. While we recognize that challenge—and appellant's inarguably improper conduct in the affected specification—we may only affirm the findings to the extent the law allows.

**CONCLUSION**

The findings of guilty of Charge V and its Specification are set aside and that charge and its specification are dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986),[3] the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of the portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] The gravamen of the case—appellant's fraudulent and violent behavior—remains unchanged, and we are confident that absent the error, the military judge would have adjudged the same sentence.

4