UNITED STATES, Appellee,

v.

Harry S. McCRAY, Jr., SSN 264–17–9396, Person in custody of Armed Forces serving court-martial sentence.

CM 442821.

U.S. Army Court of Military Review.

13 May 1983.

Colonel William G. Eckhardt, JAGC, Major Lawrence F. Klar, JAGC, and Captain Donna Chapin Maizel, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, and Captain Charles S. Arberg, JAGC, were on the pleadings for appellee.

Before HANSEN, COHEN and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Contrary to his pleas, appellant was convicted of assault with intent to commit sodomy and sentenced to confinement at hard labor for five years. The convening authority approved the sentence. The court-martial arose out of an incident at the United States Disciplinary Barracks where appellant and his victim, Private V, were confined. On the day of the offense, Private V was awakened by appellant, who was sitting on his chest and running his penis across Private V's face. Private V screamed, and appellant struck him on the forehead and left the cell. Wishing to report the incident, Private V followed appellant. Within a short distance, appellant stopped, confronted Private V and tried to persuade him to return to his cell. When Private V refused, appellant grabbed him by the buttocks. Private V again screamed and appellant hit him in the stomach. Appellant threatened to kill Private V if he reported the incident. Undeterred, Private V again followed appellant when released. He passed appellant when the latter paused to speak with another inmate and reported what had happened to a guard. He positively identified appellant from among the inmates living in his wing when the inmates were forced to parade past Private V single file.

Appellant testified at trial, denying the offense and claimed he was asleep at the time, only to be awakened to participate in the lineup. The defense also called two witnesses who testified that Private V had expressed doubt prior to trial about the identity of his assailant. Private V denied making any such statements.

At an out-of-court hearing, defense counsel moved *in limine* to preclude the Government from impeaching defense witnesses with their prior convictions, citing Military Rule of Evidence 609. Trial counsel advised the military judge that he did not intend to impeach appellant by way of prior convic-

tion, but that he did intend to use the convictions of appellant's inmate witnesses for impeachment purposes. Defense counsel argued that the impeachment of appellant's witnesses, some of whom were associates of appellant, in this manner would tend unfairly to suggest to the court members that appellant was a bad man based on the company he keeps. The military judge resolved the issue by excluding all evidence of prior convictions of any inmate witness. Observing that none of the witnesses had convictions for an offense which could be considered on its face *crimen falsi* and that any attempt to show which offenses were more probative of mendacity would necessarily direct the court's attention to irrelevant side issues, the military judge found that the members would not be aided by evidence of the convictions.

During the discussion of proposed instructions on findings, defense counsel asked the military judge not to instruct concerning lesser included offenses. Declining the military judge's suggestion that indecent assault or assault and battery might have been raised, defense counsel expressed the fear that if given "something to hang [their] hats on," the members might convict appellant of a lesser offense despite doubts that he was involved in the incident at all. Defense counsel stated that he had discussed the matter with appellant and they had decided to request an "all or nothing" instruction to force the members to make "the true and hard decision." The military judge acceded to the defense request.

■ Appellant contends (1) the military judge erred by failing to instruct the members on lesser included offenses of the charge, (2) the evidence is insufficient to prove (a) appellant was the victim's assailant or (b), if appellant was the assailant, that he had the specific intent to sodomize the victim, and (3) the military judge erred by refusing to permit defense impeachment of Government witnesses by means of prior convictions.[1]

---

1. We have also considered appellant's contention, urged in his request for appellate representation and called to our attention by his appellate defense counsel, *see United States v.*

## THE INSTRUCTIONS ON FINDINGS

■ The military judge must instruct the members on all lesser included offenses reasonably raised by the evidence. *United States v. Jackson,* 12 M.J. 163 (C.M.A.1981). A lesser included offense is reasonably raised when the charged greater offense requires the members to find a disputed factual element which is not required for conviction of the lesser included offense. *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882, 888 (1965). Appellant's specific intent to commit sodomy was not disputed at his court-martial; therefore, instruction on a lesser included offense not requiring that element was unnecessary and might have constituted reversible error. *Sansone v. United States, supra; United States v. Waldron,* 11 M.J. 36 (C.M.A.1981). In any event, had a lesser included offense been raised by the evidence, defense counsel's request, concurred in by appellant, that the military judge refrain from instructing the members on any but the greater offense precludes appellant from contesting the issue on appeal. *United States v. Wilson,* 7 U.S.C.M.A. 713, 715, 23 C.M.R. 177, 179 (1957), *and cases cited therein.*

## SUFFICIENCY OF THE EVIDENCE

■ We find Private V's testimony credible and his identification of appellant positive and the product of ample opportunity to observe his assailant. We also find in the circumstances of appellant's assault proof beyond a reasonable doubt that he intended to have the victim perform fellatio upon him. Appellant was properly convict-

*Grostefon,* 12 M.J. 431 (CMA 1982), that the military judge erred by refusing to declare a mistrial after striking the testimony of one government witness who invoked his right against self-incrimination on redirect examination. We find the military judge did not abuse his discretion under the circumstances in declining to effect such a drastic remedy.

2. During litigation of the motion *in limine* the defense represented that it would call four inmate witnesses. Their convictions were for (1) rape, sodomy, larceny and housebreaking; (2) assault on an officer, disobedience and communication of a threat; (3) attempted murder;

ed of assault with intent to commit sodomy. *See United States v. Davis,* 15 M.J. 567 (A.C.M.R.1983).

## IMPEACHMENT BY PRIOR CONVICTIONS

Military Rule of Evidence 609(a) provides, in part:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death, dishonorable discharge, or imprisonment in excess of one year under the law which the witness was convicted, *and the military judge determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused,* or (2) involved dishonesty or false statement, regardless of the punishment. [Emphasis added.]

The military judge correctly observed that no offense for which any of the witnesses was convicted [2] involved on its face dishonesty or false statement, *see United States v. Frazier,* 14 M.J. 773, 776–78 (A.C.M.R.1982), and he recognized that the admissibility of the convictions would therefore depend in part on his determination of their probative value and their prejudicial effect on the *accused.* Appellate defense counsel contend that he misinterpreted Rule 609 in prohibiting the impeachment of government witnesses with prior convictions by improperly balancing the probative value of those convictions against their prejudicial effect on the *impeached witnesses.*

and (4) murder and robbery. Ultimately, only the first two witnesses were called. The Government proposed to call three inmate witnesses whose convictions were for (1) attempted murder and wrongful possession of a switchblade knife; (2) attempted robbery, attempted battery, attempted rape and housebreaking; and (3) wrongful possession of marijuana, hashish and cocaine. All three witnesses were called; however, testimony of the second was stricken when he invoked the privilege against self-incrimination on redirect examination.

We agree that the balancing test required under Rule 609(a) does not permit consideration of potential prejudice to any witness except the accused. *United States v. Nevitt,* 563 F.2d 406 (9th Cir.1977); *United States v. Martin,* 562 F.2d 673, 680 n. 16 (D.C.Cir.1977). Congressional debate over Federal Rule of Evidence 609(a) leaves little doubt that the legislative intent in drafting that rule was to protect only the accused. A formulation of the rule which would have permitted a weighing of prejudice generally was expressly rejected. *See* 3 Weinstein & Berger, Weinstein's Evidence [Weinstein] 609–3 to 609–40 (1982). The military rule apparently adopts this position. *See* Analysis of the 1980 Amendments to the Manual for Courts-Martial, Manual for Courts-Martial, United States, 1969 (Revised edition) at A18–89. Thus, appellant correctly asserts that under Military Rule of Evidence 609(a) the military judge could not properly prohibit impeachment of Government witnesses with their past convictions.

A close examination of the record, reveals, however, that while the military judge purported to deny impeachment of all witnesses under Rule 609, he in fact applied the balancing test set out not in that rule but in Rule 403. Military Rule of Evidence 403 permits the military judge to exclude relevant evidence the probative value of which is substantially outweighed by, among other things, the danger of confusing the issues or misleading the members. In explaining the reasons for his ruling, the military judge made no reference to prejudice which might accrue to one or the other party but instead adverted to the potential for excursion into side issues of tenuous relevance which would only confuse the members. He observed, "In this particular case all the witnesses, or all the prime witnesses have a previous conviction. The argument that his witness was convicted of murder, but mine was only convicted of aggravated mopery will not assist the jury in arriving at the truth; based upon the evidence of previous convictions, all the witnesses are as worthy or as unworthy of belief." We likewise find that the danger of confusing the issues and misleading the

members by adventuring into a comparison of the relative heinousness of the witnesses' crimes, none of which apparently involved dishonesty, substantially outweighs the marginal probative value for impeachment purposes of such a course. We conclude, therefore, that impeachment of the Government's witnesses was properly restricted in this case under Rule 403.

We recognize that some civilian courts have interpreted the Congressional debates surrounding the enactment of Federal Rule of Evidence 609(a) as evidencing an intent that the rule control over Rule 403. *United States v. Toney,* 615 F.2d 277 (5th Cir.1980); *Garnett v. Kepner,* 541 F.Supp. 241 (M.D. Pa.1982); *see* Weinstein, *supra* at 609–89. *But see United States v. Dixon,* 547 F.2d 1079, 1083 n. 4 (9th Cir.1976); Saltzburg and Redden, Federal Rules of Evidence Manual 365 (3d edition, 1982) [Saltzburg & Redden]. They conclude that Rule 609(a) compels the admission of prior convictions for the impeachment of Government witnesses and that the more general directive expressed in Rule 403 must yield to the more specific provisions of Rule 609(a). *Garnett v. Kepner,* 541 F.Supp. at 244–45. We reject this analysis.

Rule 609(a) in its present form embodies a compromise between the competing policies of encouraging accused individuals to testify by protecting them against unfair prejudice and of protecting the Government's case against unfair sanitization of an accused's criminal past. *United States v. Jackson,* 405 F.Supp. 938, 942 (E.D.N.Y. 1975). Nothing in Rule 403 is inconsistent with these policies, nor does the balancing test expressed in that rule render superfluous the military judge's responsibility under Rule 609(a) to weigh probative value against prejudice to the accused. The accused is afforded special protection under Rule 609(a) because the application of its simple balancing test will require exclusion of prior convictions in doubtful cases. Saltzburg & Redden, *supra* at 365. The parallel protection afforded the Government or its witnesses under Rule 403 is limited by the proviso that prejudicial ef-

fect *substantially* outweigh probative value. *Id.; United States v. Toney,* 615 F.2d at 283 (Tuttle, J., dissenting). Thus, the apparent Congressional intent that a testifying accused receive greater protection is not lost in this interpretation.

As applied in this case, Rule 403 advances the truth-seeking purpose of Rule 609(a) without damage to its prophylactic purpose with respect to appellant. By prohibiting introduction of the prior convictions of each inmate witness the military judge eliminated the remote possibility that appellant would be found guilty by his association with witnesses whose criminal past was specifically called to the members' attention, *see* Saltzburg, Schinasi & Schlueter, Military Rules of Evidence Manual 294 (1981), prevented appellant from taking unfair advantage of Rule 609(a) by impeaching the Government's witnesses with prior convictions while remaining immune to similar attack, *see United States v. Jackson,* 405 F.Supp. at 943, and avoided a contest of credibility based on a comparison of past offenses which promised to muddle the issues without appreciable probative effect. We find the military judge did not abuse his discretion.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Judge COHEN concur.