## UNITED STATES

v.

**Staff Sergeant Oscar G. CHAVES, FR 207–46–8572, United States Air Force.**

### ACM 27240.

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 June 1988.

Decided 11 April 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Kathryn I. Taylor; Major Terry M. Petrie and Major Mark C. Ramsey, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was convicted, contrary to his pleas, of two specifications of sodomy of a child under 16 years of age. He was tried by a general court martial, consisting of members, and sentenced to a dishonorable discharge, one year confinement, forfeiture of $335.00 per month for one year, and reduction to airman basic. He now asserts one error and invites our attention to two more.

The assignment of error, that the evidence is insufficient, is without merit. Article 66(c) UCMJ, 10 U.S.C..§ 866(c); *United States v. Steward*, 18 M.J. 506 (A.F.C.M.R.1984). The first invited issue is also without merit. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983).

■ We are not able to dispose of the second invited issue so easily. The appellant invites our attention to his objection to a sentencing instruction given pursuant to *United States v. Wheeler*, 17 U.S.C.M.A.

274, 38 C.M.R. 72 (1967). At the request of the government, and over defense objection, the military judge instructed that the members "should consider ... the accused's lack of remorse." This sentencing factor was apparently based on the failure of the appellant to state his remorse actively during the trial. When the military judge asked the trial counsel why the government wanted the instruction to be given, the trial counsel stated, "[w]hat we're asking you to instruct is the accused did not express any remorse." The appellant limited his unsworn statement in the sentencing portion to his childhood, his family life, and his experiences in the Marine Corps and the Air Force. He also discussed some of the events that led to the charges in the case. He finished by mentioning his present work assignment and his life with his new wife and child, which he described as "fantastic".

Neither the appellant, nor any other witness, presented any information about any overt display by the appellant of a lack of remorse. Sometimes this takes the form of an accused stating, maybe bragging, to others about how glad he is about the crime he has committed. There is no such statement in this case. The result is that an instruction calling the court's attention to an accused's lack of remorse is tantamount to a comment on an accused's failure to speak. It is well established that such comments are not permitted. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *United States v. Stegar*, 16 U.S.C.M.A. 569, 37 C.M.R. 189 (1967); M.R.E. 301(f)(1).

We dealt with a situation analogous to that in the present case in *United States v. Rogan*, 19 M.J. 646 (A.F.C.M.R.1984). In *Rogan* we stated that "a servicemember's refusal to admit guilt, before or after trial, should not exclude him from the opportunity for rehabilitation." 19 M.J. at 650. Similarly, a servicemember's refusal to mention a remorseful attitude specifically should not generate a sentencing factor in aggravation. To hold that lack of remorse was a proper factor in aggravation in cases such as the appellant's would encourage

boiler-plate remorse statements which all careful defense counsels would ensure their clients muttered at trial, no matter how insincere the statements might be. Where there is remorse, let it be considered. Where there is an active expression of a lack of remorse, let it be considered if appropriate. But we hold it is error to consider the absence of a statement of remorse as an aggravating factor for sentencing.

█ We must now consider the effect this error had on the sentence. After our review of the record, we are convinced the sentence is appropriate in relation to the affirmed findings of guilty and is no greater than that which would have been imposed if the prejudicial error had not been committed. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986). Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.