### UNITED STATES

v.

**Master Sergeant Charles L. ALLEN, II, FR 235–70–0444, United States Air Force.**

**ACM 27848.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 April 1989.

Decided 26 Jan. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Captain David G. Nix.

Before FORAY, LEONARD and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

The appellant was found guilty, pursuant to his pleas, of six specifications of taking indecent liberties with six different girls under the age of 16. Now he asserts two errors. We find no merit in either one.

■ First, the appellant asserts that the military judge erred by denying his challenge for cause against a female court member. At trial, and again before us, the appellant argued that the member's long-term association with Girl Scouts, including her present role as a Brownie leader "showed a predisposition and a favoritism toward young girls". The judge and both counsel questioned her during *voir dire.* She stated that she could base her decision exclusively on the evidence presented to her in court, and on the instructions of the military judge regarding the law. She also stated that in her opinion she could be a "fair and impartial member" of the court. Next the defense counsel posed the following question: "Now, I put it to you and suggest to you that maternal instinct, the urge to protect your children, is a very strong one, and a natural one, and a right one. Do you think you can completely put that aside in deciding what happens to Sergeant Allen?" She responded that she could and that since the victims were not her own children she would "not have a maternal instinct for those children as [she] would for [her] own children."

■ The trial judge did not abuse his discretion in refusing to grant the defense challenge against the court member. *See United States v. Davenport,* 17 M.J. 242 (C.M.A.1984). The court member made every proper assurance that she could view the evidence and the instructions objectively and without any preconceived notions which might be based on her association with Girl Scouts. Volunteer work may indicate a special interest on the part of a prospective court member and to that extent it may form a proper base for *voir dire.* However, it would certainly be sad if the law were automatically to disqualify from court duty those who volunteer their time to such worthwhile activities as the nation's various scouting programs. We know of no such rule and decline to create one based on the facts of this case. In fact, Article 25, UCMJ, requires that court members be selected who are "best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament". Volunteer work can be a part of the experience required by Article 25. *See United States v. Towers,* 24 M.J. 143 (C.M.A.1987).

In his other assignment of error, the appellant asserts that his rights against self-incrimination were violated by the trial counsel's sentencing argument. We disagree. During the appellant's unsworn statement, he said he had fought his problem for years, didn't want anyone to know about it, wanted to kill himself, and "if it weren't for my kids, I could."

During sentencing, the judge instructed the court that they could consider "the accused's expression of remorse", referring to the statement quoted above. In a prior out-of-court session on instructions, the trial counsel had objected to an instruction that allowed the members to consider the appellant's statement as an expression of remorse. In response, the military judge stated "Well, he said that if it wasn't for his kids, he would have killed himself, and that gets close enough in my book. Beauty is in the eye of the beholder, and I'm beholding it as an expression of remorse." So do we.

This entire issue was handled properly by both counsel and the military judge. During his sentencing argument, the trial counsel mentioned the appellant's comments and characterized them as "a backdoor or underhanded 'I'm sorry'". Contrary to the appellant's assertions, the trial counsel's comments did not violate the appellant's rights against self-incrimination. Clearly, by the time a case has progressed to sentencing, particularly one in which the accused has pleaded guilty, a comment on a statement made by the accused will not ordinarily violate an accused's rights against self-incrimination. In this case, all parties appear to have viewed the comments in about the same way—as an expression of some degree of remorse.

It is true, as the appellant now asserts, that *United States v. Chaves*, 28 M.J. 691 (A.F.C.M.R. 1989) established that the absence of an expression of remorse is not to be discussed during sentencing. However, that holding does not govern the decision in this case. Here, all parties viewed the statement as a more or less complete statement of remorse. The judge's instruction told the members they could consider the statement in mitigation. This is the opposite of the situation in *Chaves* where the objectionable instruction highlighted Chaves' failure to indicate remorse.

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge FORAY and Judge LEONARD concur.