**UNITED STATES**

v.

**Senior Airman Michael A. GIBSON, FR 425–31–6952, United States Air Force.**

**ACM 28132.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Oct. 1989.

Decided 13 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major George P. Clark and Captain Bernard E. Doyle, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Terry M. Petrie; Major Paul H. Blackwell, Jr. and Captain Morris D. Davis.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Senior Airman Gibson raises two assignments of error. We decide both adversely to him and affirm.

### I

He first invites us to consider:

WHETHER THE TRIAL COUNSEL'S ARGUMENT ON SENTENCING THAT THE APPELLANT HAD NOT EXPRESSED REMORSE IN HIS UNSWORN STATEMENT WAS IMPROPER AND TANTAMOUNT TO A COMMENT ON THE APPELLANT'S FAILURE TO SPEAK.

The appellant reminds us of our ruling in *United States v. Chaves*, 28 M.J. 691 (A.F. C.M.R.1989). There, we held that an appellant's failure to express remorse was an inappropriate *sentencing factor*. Here, trial counsel noted the failure to express contrition (without objection) during his closing sentencing argument.

We find no error and decline to extend the *Chaves* rationale to condemn unobjected-to argument by counsel that "he didn't say he was sorry."

To grace the law with some certitude, we often try to furnish practitioners reliable rules-of-thumb. Unfortunately, experience often shows such guidance cannot govern all situations.

There is much to be said for extending *Chaves* to cover the present situation. After all, if it is error for the military judge to base a portion of his sentencing guidance upon an appellant's failure to state remorse, why is it not error for trial counsel to argue the same point? And do we not encourage gamesmanship in the form of boiler-plate remorse statements if prosecutors can seize upon the absence of an apology to beat the drum in sentencing?

On balance, we believe that the arguments of advocates—which are not evidence \* —live in a different arena than the sentencing instructions of a military judge, which members are bound to follow. We see solid, practical differences between the two. Umpires can't do what ballplayers can do. In a similar vein, we believe advocates may be permitted "puffery" (particularly when there is no opposing objection). Yet the neutral and measured guidance of the military judge should be gauged by a stricter standard. *See United States v. Orostin*, 30 M.J. 520, 523 (A.F.C.M.R.1990); *United States v. Allen*, 29 M.J. 1002, 1004 (A.F.C.M.R.1990). *See United States v. Johnson*, 1 M.J. 213, 215 (C.M.A.1975).

### II

Senior Airman Gibson also requests us to consider:

---

\* There is a prefatory instruction to this effect in DA Pam 27–9, *Military Judges' Benchbook*, para. 2–28 (1 May 1982).

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ADMITTING PROSECUTION EXHIBITS ... OVER DEFENSE OBJECTION TO THEIR CHAIN OF CUSTODY.

The military judge made extensive findings in regard to the exhibit in question, a bag of methamphetamine. The crux of the dispute is to whether the chain of custody from the local Office of Special Investigations (OSI), to the testing laboratory, back to the OSI, and into the courtroom, was sufficiently delineated.

We have carefully reviewed the findings of the military judge and the arguments of counsel. We are convinced that the Government met its burden of establishing an adequate chain of custody. *See United States v. Pollard,* 27 M.J. 376, 377 (C.M.A. 1989); *United States v. Parker,* 10 M.J. 415, 417 (C.M.A.1981); *United States v. Courts,* 9 M.J. 285 (C.M.A.1980). *See generally* DA Pam 27–22, *Evidence,* para. 11–3 (15 July 1987); Imwinkelried, *The Identification of Original, Real Evidence,* 61 Mil.L.Rev. 145 (Summer 1973).

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS concurs.

Senior Judge MURDOCK (concurring in the result):

For the reasons I expressed in *Chaves,* I cannot agree that a prosecutor's comment on an accused's lack of remorse is proper. In my view, the prosecutor should present an argument based on the facts and the law, and attempt to persuade the factfinder to the result he desires. By being the first advocate to delve into the inner motivations of the accused, the prosecutor in this case went too far. Perhaps the prosecutor's comment would be all right if the accused had professed remorse, and the prosecutor wished to counter that by pointing to the shallowness of the accused's statement. But, to start from scratch and point out that the accused has not said something

implies that the accused should have said something or suffer the consequences. There may be limits to the restrictions of *Chaves,* but, in my view, they were not reached in this case. I would find the comment to be error. However, when viewed against the rest of the argument, the nature of the offense, and the sentence adjudged, I am convinced that the appellant was not prejudiced, and I would affirm. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).

I concur with the majority's disposition of the other issue.