**UNITED STATES**

**v.**

**Senior Airman David B. RYDER, FR 264–89–5095, United States Air Force.**

**ACM 28381.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 Dec. 1989.

Decided 30 Aug. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Ronald A. Gregory.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain David G. Nix.

Before BLOMMERS, KASTL, MURDOCK and MILLS, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Senior Airman Ryder was found guilty, despite his pleas, of a violation of Article 124, UCMJ, 10 U.S.C. § 924. He maimed JB by striking her in the left eye with his fist. Four days later, the eye was surgically removed.

Before us, Ryder raises various matters. We find no reversible error and affirm.

### Uncharged Misconduct

▇ Ryder claims that the military judge erred by admitting, over defense objection, evidence of his prior uncharged assault on JB. The evidence was proferred under Mil. R.Evid. 404(b) to show Ryder's intent and the absence of self-defense. The military judge permitted JB to testify about the incident, which had occurred some two months earlier. JB related that Ryder struck out towards her eye with his fist and extended middle knuckle, but he stopped short of making contact.

We find the evidence admissible under 404(b). In our determination, we have employed the three-step analysis set forth in *United States v. White,* 23 M.J. 84, 87–88

(C.M.A.1986). *See also United States v. Palmer,* 29 M.J. 929, 938 (A.F.C.M.R.1989); *United States v. Jones,* 25 M.J. 567 (A.F.C. M.R.1987); *United States v. Rushatz,* 30 M.J. 525 (A.C.M.R.1990).

### Instructions

At trial, Ryder claimed that he acted in self-defense. According to his testimony, JB was upset about an earlier incident with another man, and her irritation spilled over to him. He testified that JB became extremely incensed, grabbed Ryder's arm, and then "kneed him between the legs." At that point, he explained, he shoved her away and somehow she became injured.

Before us, Ryder claims that the judge failed to give the proper self-defense instruction and apprise the members that Ryder might defend himself with a force likely to produce death or grievous bodily harm.

We disagree. The complained-of instructions in this case were taken from DA Pam 27–9, *Military Judges' Benchbook,* (May 1982) para. 5–2. The *Benchbook* sets forth five basic instruction variations applicable in different situations. Relevant to today's case are two instructions on the amount of force an accused may legitimately employ to counter a force applied against him: (a) when the assault against him involves the use of deadly force or a force likely to produce grievous bodily harm; and (b) when the force against him consists of an ordinary assault or battery not involving deadly use of force or a force likely to produce grievous bodily harm.

▇ *Accepting the appellant's testimony as totally accurate,* JB "kneed him;" he pushed her away, and she was maimed. On these facts, we find the judge ruled correctly. "Kneeing" the appellant did not call forth self-defense instruction (a)—this was not a situation where the accused entertained a reasonable apprehension that *death or grievous bodily harm* was about to be inflicted upon him.[1]

---

1. As the military judge noted in further instructing the members, "grievous bodily harm" does not mean minor injury such as a black eye or a bloody nose, but does mean fractured or dislo-

The military judge properly gave self-defense instruction (b). Considering the facts of this case, the military judge was correct. Ryder is not entitled to the more advantageous instruction he seeks. R.C.M. 916(e)(1) and (3). *United States v. Thomas*, 11 M.J. 315 (C.M.A.1981); *United States v. Sawyer*, 4 M.J. 64 (C.M.A.1977); *United States v. Jones*, 3 M.J. 279 (C.M.A. 1977); *United States v. Bradford*, 29 M.J. 829 and 1057 (A.C.M.R.1989). *See also United States v. Wilson*, 26 M.J. 10 (C.M.A.1988); *United States v. Jackson*, 15 U.S.C.M.A. 603, 26 C.M.R. 101 (1966).

### Failure to Express Remorse

■ Citing *United States v. Chaves*, 28 M.J. 691 (A.F.C.M.R.1989), the appellant faults the prosecution sentencing argument. Trial counsel had argued without objection that Ryder had blamed JB for the injuries she sustained; later, he "never accepted responsibility for his acts." Such argument, insists the defense, poisoned the atmosphere with an impermissible comment, calling attention to Ryder's failure to take the stand on sentencing.

Rigorous analysis requires that we examine three separate cases at this juncture.

1. *Chaves* was not a sentencing argument case at all; rather, we held inappropriate an instruction permitting the members to use the appellant's failure to express remorse as a sentencing aggravating factor. We noted that the instruction amounted to an impermissible comment on the accused's failure to speak. Moreover, such an instruction could only encourage "boiler-plate remorse statements." *Chaves*, 28 M.J. at 693.[2]

2. In *United States v. Gibson*, 30 M.J. 1138 (A.F.C.M.R.1990), we declined to extend *Chaves* to condemn unobjected-to arguments by counsel. We reasoned that arguments of contending counsel lived in a different arena than the augustan instruc-

tions of an impartial military judge. On that basis, we found no error.

3. *United States v. Jones*, 30 M.J. 898, 901 (A.F.C.M.R.1990), contained facts parallel to those here—but there is a crucial difference. The *Jones* prosecution argument zeroed-in on *denying the accused rehabilitation* because he has failed to admit his guilt.

Considering these precedents, we find no error today. However, we caution trial counsel that *Jones*, *Gibson*, and *Chaves* illustrate how difficult this area of the law can be. There are still issues to be resolved in this arena. For example, what if the comments of the prosecutor *are* objected to, a situation reserved in *Gibson?* With the precedents far from settled, only the bravest of advocacy acrobats ought to tempt fate. (They do so at their own peril, for we guarantee no safety net against reversal). Nonetheless, on the facts before us—and with no objection by the defense at trial—we discern no error. R.C.M. 919(c); *United States v. Doctor*, 21 C.M.R. 252, 260–261 (C.M.A.1956).

### Other Matters

■ Ryder complains that a government expert in ophthalmology was erroneously permitted to "stretch his observations into a specific mental classification" and give a psychiatric opinion concerning JB. Thus, over defense objection, the expert opined that there was no indication JB was in a "psychotic state" when he examined her. This, Ryder claims, fell outside the eye doctor's area of expertise.

We find no prejudicial error. The witness had already testified, without objection, that JB was "agitated" when he treated her for her damaged eye. We believe that his further observation that she was not "in a psychotic state" amounts to nothing more than a lay observation that JB was not "acting crazy." The comment was

---

cated bones, deep cuts, torn members of the body, serious damage to internal organs, or other serious bodily injuries.

**2.** We might add another observation from an astute Army trial judge: In a contested case, an expression of remorse on sentencing might actu-

ally tend to appear smarmy, irritating the members and suggesting the accused is not credible. *See* Green, "Annual Review of Developments in Instructions," Army Lawyer, April 1990 at 47, 55 n. 136.

never intended as a psychiatric evaluation. Mil.R.Evid. 701, 702; *United States v. Fields*, 3 M.J. 27, 29 (C.M.A.1977).

### Sentencing Appropriateness

■ Ryder argues that his sentence is too severe. It consists of an dishonorable discharge, confinement for one year, total forfeitures, and reduction to airman basic.

Because of Ryder's conduct, JB will spend the rest of her life without sight in her left eye. We find the sentence befitting this airman and his conduct. *See generally United States v. Hicks*, 6 U.S.C. M.A. 621, 20 C.M.R. 337 (1956).

The findings of guilty and the sentence are correct in law [3] and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judges BLOMMERS and MURDOCK concur.

Judge MILLS did not participate.

---

3. *United States v. McCray*, 15 M.J. 1086, 1088 (A.C.M.R.1983), *pet. denied*, 17 M.J. 36 (C.M.A. 1983).