**UNITED STATES**

v.

**Airman Basic Donna M. KILBOURNE, FR 472–68–2075, United States Air Force.**

**ACM 28024.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1989.

Decided 13 Sept. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Ronald A. Gregory.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni, Major Terry M. Petrie, Major Paul H. Blackwell, Jr. and Captain Leonard R. Rippey.

Before BLOMMERS, KASTL, MURDOCK and MILLS, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

The knotty crime of conspiracy—and what admissible matter is sufficient to prove it—is before us today. We find that

the trial judge erred by treating an offer of proof as evidence over defense objection. The offer of proof came from Captain W, a defense lawyer at an earlier court-martial; it purported to reveal the appellant's conspiratorial statements.

Airman Basic Kilbourne, the appellant, was convicted by a general court-martial with members of wrongful use and distribution of lysergic acid diethylamide (LSD) and conspiracy to commit the offense of perjury, violations of Articles 112a and 81, UCMJ, 10 U.S.C. §§ 912a, 881. Her sentence is a bad conduct discharge, total forfeitures, and confinement for two years.

The Government's theory as to conspiracy was essentially this: Kilbourne was heavily involved with LSD, together with Rosato and Bly. When military authorities became suspicious, the trio concocted a lie to exonerate Kilbourne. They would swear falsely that: (1) the appellant and her friends tired of Bly bragging about his drug exploits; (2) to trick him, they cut up an ordinary carry-out bag from the local Burger King into tiny pieces; and (3) they were guilty of no more than mischievously telling Bly it was coated with LSD. The three agreed to tell this fictitious tale in court—provided they received grants of immunity.

■ Bly was under charges. He suggested that his trial defense attorney, Captain W, speak with the other conspirators. They advised Captain W of their scheme. Realizing she could not ethically present perjured testimony, Captain W revealed to the military judge that the appellant and Rosario were prepared to lie under oath.

In the present court-martial, the defense moved in limine to bar admission of the pertinent portion of Bly's record of trial containing Captain W's averment. The military judge ruled the transcript admissible as a public record under Mil.R.Evid. 803(8). He expressly rejected the defense contention that averments of counsel were not evidence for subsequent trials.

■ We hold that the military judge erred in admitting the averment of Captain W in the present court-martial. An averment or offer of proof is not evidence; it cannot stand when, as here, an opposing party objects. *United States v. Eastman*, 20 M.J. 948, 950 (A.F.C.M.R.1985). *See also United States v. Thompson*, 11 U.S.C. M.A. 252, 29 C.M.R. 68, 71 (1960); *United States v. Boney*, 45 C.M.R. 714, 716 (A.F.C. M.R.1972); *United States v. Cummings*, 21 M.J. 987, 989 (N.M.C.M.R.), *pet. denied*, 22 M.J. 242 (C.M.A.1986). The fact that the averment is enshrined within an authenticated record of trial does not transform it into evidence. Nor can the fact that Captain W was an officer of the court somehow spin this straw into gold.

■ The Government argues that even if we find Captain W's averment inadmissible, any error in admitting it at trial was harmless. After all, says the Government, similar information was available from Airman Rosato, a co-conspirator, who testified as to the conspiracy at the present trial.

■ We disagree. Factually, we find Rosato's testimony contains insufficient data upon which to sustain a conviction.[1]

---

1. We have decided this case upon an evidentiary ground—that the averment of counsel before the Kilbourne court-martial was inadmissible, thus leaving an insufficiency of proof as far as the conspiracy charge is concerned. Yet even assuming, *arguendo*, that there was sufficient proof, we would have some doubt whether this alleged conduct satisfies the definition of conspiracy under military law.

The conspiratorial activity did not necessarily progress beyond mere preparation. Moreover, the contingency needed to kick off the conspiracy (the grant of immunity) *did not exist at the time the parties revealed their plot to Captain W.*

Military practitioners should be aware of the pitfalls in this difficult area. Research is even more challenging because few "pure" conspiracy cases exist without an underlying substantive offense. *See* Yawn, *Conspiracy*, 51 Mil.L. Rev. 211, 224 (1971).

Initially, there can be no doubt conspiracy to perjure is chargeable. *See, e.g., United States v. Clark*, 11 M.J. 179 (C.M.A.1981); *United States v. Schwab*, 27 M.J. 559 (A.C.M.R.1988). But when military conspiracies are analyzed, the prosecution seems to have its work cut out in sustaining a conviction. *See, e.g., United States v. Kauffman*, 14 U.S.C.M.A. 283, 34 C.M.R. 63 (1963) (espionage); *United States v. Yarborough*, 5 C.M.R. 106 (C.M.A.1952) (self-inflicted injury); *United States v. McGlothlin*, 44 C.M.R. 533 (A.C.

## II

The appellant argues that error occurred when the prosecution was permitted to bolster Rosato's credibility prior to it being attacked. We find no error here, especially since the defense effort which followed was a wholesale attack on Rosato's character and motives. *See generally United States v. Boone,* 17 M.J. 567, 569 (A.F.C.M.R.1983); *United States v. Harvey,* 12 M.J. 501 (A.F.C.M.R.1981); DA Pam 27–22 *Evidence,* paragraph 7–2 (15 July 1987). As we read this portion of the record, it should have been self-evident to all that Rosato was far from a "clean" witness and that his veracity would soon be challenged.

We view Rosato's direct testimony here as typical of witness assertions that "My lawyer didn't put words in my mouth; he only advised me to tell the truth." Even more significantly, the witness was opining that he might lose the benefit of a pretrial agreement if he perjured himself. We see his testimony as nothing more than the usual see-saw effort of competing counsel seeking to place their witnesses in the best light. Even assuming error through "improper bolstering," we would in any event discern no error affecting the appellant's substantial rights. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

## III

The prosecution tactics at trial draw another assignment of error: Kilbourne alleges that the prosecutor both impermissibly commented on her failure to take the stand and engaged in unfair argument.

During his findings argument in rebuttal, the prosecutor rhetorically asked why the appellant had failed to testify at the trial of an airman named Heishman. Heishman apparently was also involved in similar goings-on. The defense promptly objected and requested a 39(a) session.

Trial counsel explained that he never intended his comment to reflect adversely on the appellant's Constitutional right to silence. Instead, he explained, he was alluding to the unbelievability of the appellant's defense: She was defending today on the basis that the "prank" with the Burger King bag was true—if so, why hadn't she come forward in the earlier trial of Heishman, who was similarly involved, to say so? The military judge cautioned that any comment on an accused's silence was improper. He then denied the appellant's request for a mistrial, proposed a curative instruction, received instructional input from both sides, and recalled the members. The military judge then gave what we regard as a firm, tailored instruction and received individual responses from each member that they could follow his instruction.

We find no reversible error. It is hornbook law that a mistrial is mandated only when manifestly necessary in the interest of justice. *See* R.C.M. 915(a); *United States v. Dennis,* 16 M.J. 957, 965 (A.F.C.M.R.1983). From the record, we are convinced that the military judge's firm curative instruction, together with the assurances of all the members that they would follow his guidance, corrected any possible error. *See United States v. Fitzpatrick,* 14 M.J. 394, 397–398 (C.M.A.1983).

Nor do we find reversible error from other arguments of the prosecution. This was a splendidly tried and defended case, with advocates who brought evident flair and ability to the courtroom. The complained-of prosecution language, we believe, constituted fair comment. *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). Moreover, the lack of objection by defense counsel is some indication of the minimal impact of such remarks on the court members. *See United States v. Arnold,* 6 M.J. 520 (A.C.M.R.) *pet. denied,* 6 M.J. 157 (C.M.A.1978); *United States v. Eggleton,* 48 C.M.R. 505 (A.F.C.M.R.1974).

M.R.1971) (pandering). *See generally* MCM, Part IV, paragraph 5c(4)(a).

Further sources are 16 Am.Jur.2d *Conspiracy* (1979) and 15A CJS *Conspiracy* (1967). *See also United States v. Messerlian,* 832 F.2d 778, 796

(3d Cir.1987); *United States v. Perlstein,* 126 F.2d 789 (3d Cir.1942), *cert. den.* 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752 (1942); *United States v. Bufalino,* 285 F.2d 408 (2d Cir.1960).

## IV

■ The appellant argues that the military judge erred by failing to grant a mistrial after the assistant trial counsel commented on the appellant's failure to express sorrow during her unsworn statement. *See United States v. Chaves*, 28 M.J. 691 (A.F.C.M.R.1989). We reject the appellant's argument. *Chaves* provides guidance as to appropriate sentencing factors upon which the military judge properly might instruct. The case does not concern itself with what can be advanced by advocates during their closing statements. *United States v. Gibson*, 30 M.J. 1138 (A.F.C.M.R.1990).

## V

The other assignments are resolved adversely to the appellant.[2]

## VI

■ Finally, we are invited to consider the matter of sentence appropriateness. We first take corrective action based on our determination that the Government failed to offer sufficient evidence on the offense of conspiracy to commit perjury. That offense is contained at Additional Charge II and its specification; they are dismissed. Reassessing on the basis of the remaining offenses, we find appropriate only so much of the sentence as extends to a bad conduct discharge, forfeiture of all pay and allowances, and confinement for 20 months. As for the reassessed sentence, we find it befitting for this appellant, her

extenuation and mitigation, and the remaining matters of which she was found guilty.

The findings of guilty and the sentence, both as modified, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK concurs.

Judge MILLS did not participate.

Senior Judge BLOMMERS (concurring in part, dissenting in part):

I would affirm the findings of guilty of Additional Charge II and its specification (conspiracy to commit perjury) and the approved sentence. I do not believe the military judge committed error by admitting, as a public record under Mil.R.Evid. 803(6), Captain W's "statement" about the conspiracy made during a prior trial. To label the transcript thereof inadmissible because its content amounts to an "offer of proof" by counsel cuts too fine a line in my judgment. Under the particular facts of this case, I do not believe our prior decision in *United States v. Eastman*, 20 M.J. 948 (A.F.C.M. R.1985), should be controlling.

Captain W was reporting first-hand knowledge of an inculpatory statement made to her by the appellant. It was not hearsay because it constitutes evidence of "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." Mil.R.Evid. 801(d)(2)(E).[1] Further, as an attorney and officer of the court, Captain W had at the time an ethical

---

2. We still receive a few records of trial where there is no clear-cut indication of precisely which court members named in the convening orders are present. The difficulty perhaps lies in the imprecise language employed in Air Force Regulation 111–1, *Military Justice Guide*, para. 14–9 (9 March 1990).

When the members are not listed, as in this case, considerable appellate time must be expended in rechecking the voir dire, the "number of votes required" comments, and excusals to insure that all members are accounted for. We urge military judges, trial counsel, and court reporters to handle this problem. A few seconds of extra time at the trial level will save a grateful Court unnecessary "busy work." *United States v. Hayes*, 24 M.J. 786, 792 (A.C.M.R.

1987); *see* MCM, App. 8, Sec. II at A8–10 (1984); DA Pam 27–9, *Military Judge's Benchbook*, para. 2–23 (May 1982); *United States v. Staton*, 48 C.M.R. 250 (A.C.M.R.1973).

1. See our recent discussion of co-conspirator statements in *United States v. Marshall*, 31 M.J. 712 (A.F.C.M.R.1990). The concerns expressed therein in my concurring opinion are not applicable under the facts of this case. I also find that the appellant's revealing of the plan to Captain W, who was representing one of the individual's who would presumably benefit from it, constitutes an overt act sufficient to prove up the offense. *Kaplan v. United States*, 7 F.2d 594 (2d Cir.1925), *cert. denied*, 269 U.S. 582, 40 S.Ct. 107, 70 L.Ed. 423 (1925); MCM, Part IV, para. 5c(4).

obligation to disclose this information. *United States v. Rhea,* 29 M.J. 991 (A.F.C. M.R.1990); ABA Model Code of Professional Responsibility, Disciplinary Rule 7–102 (1980). *But see* Air Force Rules of Professional Responsibility, Rule 1.6(b)(1) (1989), adopted some six months after the trial of this case. Even if considered hearsay, Captain W's statement certainly has the requisite indicia of reliability to overcome any hearsay objection. If the appellant had any question about the accuracy or credibility of Captain W's statement, she could have requested that she be called as a witness. Mil.R.Evid. 806. No such request was made. Thus, any confrontation issue has been waived for the purposes of appellate review. R.C.M. 801(g); Mil.R. Evid. 103(a)(1). I also note that Captain W's statement was corroborated by the one of the co-conspirators, Airman Rosato, who testified at the appellant's trial.

I agree with appellate government counsel, who posit in their brief:

> ... the statement by Captain [W] that appellant had recited a certain fact scenario to her was admissible as just that. Said in any other forum, or as appellant herself pointed out, if counsel had appeared at trial and again recited what appellant told her, this would not be an issue. Why should where the statement was made, in and of itself, make the statement inadmissible?

Military Rule of Evidence 102 provides: "These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence *to the end that the truth may be ascertained and proceedings justly determined.*" (Emphasis added.) The principles enunciated in this rule were met in the instant case.[2]

---

**2.** Senior Judge Blommers took final action on this case prior to his reassignment.