**UNITED STATES, Appellee,**

v.

**Private Robert B. CAMERON, 364–82–0282, United States Army, Appellant.**

**ACMR 9202522.**

U.S. Army Court of Military Review.

27 Sept. 1993.

For Appellant: Major James M. Heaton, JAGC, Major Robert L. Gallaway, JAGC, Captain Clement B. Lewis, III, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC,

Captain Gregory T. Baldwin, JAGC, Captain David G. Tobin, JAGC (on brief).

Before De GIULIO, MORGAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried, in absentia, by a general court-martial composed of officer members. Contrary to pleas of not guilty which were entered by the military judge,[1] he was found guilty of one specification of willful disobedience of the lawful order of a superior noncommissioned officer and two specifications of making worthless checks with intent to defraud, in violation of Articles 91 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 891 and 923a (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge and confinement for one year. The convening authority approved the sentence.

Appellant asserts, inter alia, that the evidence is insufficient to find him guilty of willful disobedience of an order due to the "remanding"[2] of the order and the intoxication of the appellant.[3] We affirm a finding of guilty of failure to obey an order, affirm the other findings of guilty, and affirm the sentence.

Anticipating a visit to the barracks by a general officer and discovering that appellant's room was not clean, Sergeant S ordered appellant to get the room clean by the following Monday. This order was given on Friday. Later that evening, Sergeant S discovered that the room was in worse condition. He noted that appellant had been drinking, was in somewhat of a daze, and was not all that coherent. Nevertheless, he changed his order by requiring appellant to have the room clean by the next day, Saturday. When Sergeant S returned to the room on Saturday, he found the appellant had been drinking, was intoxicated and was in "somewhat" of a drunken stupor. He believed appellant was coherent and told appellant to have the room cleaned by that evening. On Sunday, Sergeant S returned, found the room had not been cleaned and took a beer from appellant's possession. He told appellant to have the room cleaned by that evening, but changed the order to have the room cleaned by Monday morning. The evidence of record reflects that appellant started to clean his room, but did not complete the task by Monday morning.

At trial, the military judge agreed that the issue of voluntary intoxication was raised and instructed the court that voluntary intoxication could prevent appellant from having knowledge of the order or entertaining the mental state of willfulness. He did not instruct the members on the elements of the lesser included offense of failure to obey a lawful order. The instruction was not requested and there was no objection to the failure to give it.

The military judge must instruct the court members on any lesser included offense if "in issue." Rule for Court–Martial 920(e)(2) [hereinafter R.C.M.]; *United States v. Johnson*, 1 M.J. 137 (C.M.A.1975). "In issue" means that some evidence has been presented upon which the court members may choose to rely. R.C.M. 920(e) discussion. Defense counsel may affirmatively waive the instruction or it may be implied from his trial tactics. *See United States v. McCray*, 15 M.J. 1086 (A.C.M.R.); *pet. denied*, 17 M.J. 36 (C.M.A.1983); *see also United States v. Bowers*, 3 U.S.C.M.A. 615, 14 C.M.R. 33, 1954 WL 2085 (1954). Failure to object to the omission of an

---

1. Appellant was arraigned but reserved entry of pleas and choice of forum. At subsequent sessions of the court-martial he was absent. The military judge found his absence to be voluntary.

2. Appellant asserted:
   THE EVIDENCE IS INSUFFICIENT TO FIND THE APPELLANT GUILTY OF WILLFUL DISOBEDIENCE OF AN ORDER DUE TO THE REMANDING OF THE ORDER.
   We will treat the term "remanding" as meaning altering or revoking the order.

3. Among his other assertions is that the promulgating order is incorrect. The order has been corrected.

instruction constitutes waiver. R.C.M. 920(f).

■ In the case before us, the military judge recognized that voluntary intoxication was raised by the evidence. Indeed, he instructed the court on voluntary intoxication as it related to elements of the offenses which involved knowledge or willfulness. He failed, however, to advise the court of the elements of the lesser offense remaining should they find intoxication caused them to have a reasonable doubt as to appellant's ability to have a willful state of mind. We have little difficulty in concluding that appellant had knowledge of the order because the evidence of record establishes that he started to clean his room. We are not so convinced concerning willfulness. Confusion on the record concerning the instruction to be given on intoxication causes us not to apply waiver in this particular case. We shall correct the error by affirming the lesser offense of failure to obey a lawful order. Our decision in this matter moots the issue of sufficiency of the evidence because of intoxication.

■ We now turn to appellant's assertion of error that the evidence is legally insufficient to support the findings of guilty because of the "remanding" of the order. We believe this assertion equally applies to the offense of failure to obey a lawful order. Considering the evidence in a light most favorable to the government, a reasonable fact finder could find all the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). After weighing the evidence and making allowances for not having seen and heard the witnesses, we are convinced of appellant's guilt beyond a reasonable doubt. *See* UCMJ art. 66(c); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

The remaining assertions of error, to include those personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

Only so much of the findings of guilty of Additional Charge I and its Specification is affirmed as finds appellant guilty of failure to obey a lawful order, in violation of Article 92, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.

Judge MORGAN and Judge GONZALES concur.